1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| ALLEN LEE RODRIQUEZ,<br>CDCR # V-35218<br><br>               Plaintiff,<br><br>         vs.<br><br><br>DANIELLE SILBERMAN; PHILLIP<br>TAYLOR; JOSEPHINE SILBERMAN,<br><br>           Defendants. | Civil No.   10cv2201 MMA (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2)  DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

22        Plaintiff, a state inmate currently incarcerated at the California Rehabilitation Center

23 located in Norco, California, and proceeding pro se, has filed a civil rights Complaint pursuant

24 to 42 U.S.C. § 1983.   Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C.

25 § 1914(a); instead, he has filed a certified copy of his inmate trust account statement which the

26 Court liberally construes to be a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28

27 U.S.C. § 1915(a) [Doc. No. 2].

28 / / /

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Here, Plaintiff claims that his former wife made "vicious deceitful" statements during a hearing in Family Court which prevented him from "having any relationship" with his son. (Compl. at 3.)  Plaintiff also seeks to hold his former sister in law, as well as his former wife's current boyfriend liable for refusing to allow his son to visit him in prison.  However, Plaintiff fails to allege any act on the part of Defendants which were taken "under color of state law."  *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii).  Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."  *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state

1   involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d

2   at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-

3   1120 (9th Cir. 1997).  In other words, Plaintiff must show that the private actor's conduct is

4   "fairly attributable" to the government.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see*

5   *also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987).

6       Here, Plaintiff's Complaint fails to allege facts sufficient to show that these Defendants

7   acted on behalf of, or in any way attributable to, the state.  Thus, without more, Plaintiff's

8   allegations against these Defendants fail to satisfy the first prong of a § 1983 claim.  *See*

9   *Haygood*, 769 F.2d at 1354.

10      Accordingly, the Court finds that Plaintiff's entire Complaint must be dismissed sua

11  sponte for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C.

12  §§ 1915(e)(2)(B) and 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

13  **III.    CONCLUSION AND ORDER**

14      Good cause appearing, **IT IS HEREBY ORDERED**:

15      1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is

16  **GRANTED**.

17      2.    The Secretary of California Department of Corrections and Rehabilitation, or his

18  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

19  owed in this case by collecting monthly payments from the account in an amount equal to twenty

20  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

21  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

22  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

23  ASSIGNED TO THIS ACTION.

24      3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

25  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

26  Sacramento, California 95814.

27  / / /

28  / / /

1  **IT IS FURTHER ORDERED** that:

2  4.   Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief

3  could be granted.   *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).   However, Plaintiff is

4  **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First

5  Amended Complaint which cures all the deficiencies of pleading noted above.   Plaintiff's

6  Amended Complaint must be complete in itself without reference to the superseded pleading.

7  *See* S. D. CAL. CIVLR. 15.1.   Defendants not named and all claims not re-alleged in the Amended

8  Complaint will be deemed to have been waived.   *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

9  1987).

10  Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

11  may be granted, it may be dismissed without further leave to amend and may hereafter be

12  counted as a "strike" under 28 U.S.C. § 1915(g).   *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

13  (9th Cir. 1996).

14  5.   The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

15  **IT IS SO ORDERED**.

16  DATED:  October 27, 2010

17

18  Hon. Michael M. Anello
United States District Judge

19

20

21

22

23

24

25

26

27

28